Lisel M. Ferguson (Bar No. 207637)
Heather A. Cameron (Bar No. 265310)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
Email:       lmf@procopio.com
Email:       hac@procopio.com

Attorneys for Plaintiff,
RX SMART GEAR

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RX SMART GEAR, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> GOFIT, LLC, an Oklahoma Limited Liability Company, <br><br> Defendant. | Case No.: **'15CV0012 JAH  DHB** <br><br> **COMPLAINT FOR:** <br> **(1) LANHAM ACT UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN;** <br> **(2) CALIFORNIA UNFAIR COMPETITION; AND** <br> **(3) NEGLIGENT INTERFERENCE WITH TORTIOUS OR BUSINESS RELATIONS** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiff RX SMART GEAR ("Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1.   This is a Complaint for (i) unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a); (ii) unfair competition arising under California Business & Professions Code § 17200, *et seq.*; and (iii) negligent interference with prospective economic relations.

2.   This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in California. Defendant has purposely availed itself of the opportunity to conduct commercial activities in this judicial district. Defendant maintains an online retail store in this judicial district through distributors in San Diego, California and promotes, distributes, offers for sale and sells its products to consumers throughout the United States and United States territories.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred, and continue to occur, in the Southern District of California. Further, Plaintiff has suffered damage within this District, and elsewhere.

## PARTIES

5. Plaintiff Rx Smart Gear is a California corporation with its principal place of business at 1800 John Towers Avenue, El Cajon, California 92020.

6. Plaintiff is informed and believes and thereon alleges that Defendant GoFit, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Oklahoma with a principal place of business at 12929 E. Apache, Tulsa, Oklahoma 74116.

## FACTUAL BACKGROUND

7. Plaintiff is a company which designs, manufactures and sells jump ropes, exercise, gym, and cross-fit training equipment. Plaintiff is the top source for dependable, high quality gym equipment, including jump ropes, muscle rings, apparel, shoes and accessories. Plaintiff has been in business selling exercise, gym, and cross-fit training products since 2009.

8. In 2009, Plaintiff designed and began selling its Rx Smart Gear Jump Rope ("Rx Jump Rope").

9. Plaintiff's Rx Jump Rope has been used in commerce since at least

June of 2009.

10. Plaintiff commenced its business in June 2009 as a sole proprietor selling both self-manufactured products and third party products.

11. Plaintiff started its business with its unique, one of a kind and original jump rope specifically designed for cross-fit training, the Rx Jump Rope. This product was developed by Plaintiff's founder and owner Mr. Dave Newman ("Mr. Newman") in his garage, after innumerable hours of experimentation and redesign.

12. After Mr. Newman invented his jump rope he started a company by the name of Rx Jump Ropes, now known as Rx Smart Gear (Plaintiff in this matter), to sell these unique and highly sought-after jump ropes. The Rx Jump Rope quickly developed global notoriety in the CrossFit world. Multiple top name CrossFit athletes started to use the Rx Jump Rope at the World CrossFit Games. On or about 2013, the Navy Special Warfare department (aka Navy SEALS) began ordering the Rx Jump Rope as a training tool for the SEALS.

13. Plaintiff attends eight to ten trade shows nationwide each year. At these trade shows Plaintiffs advertises and offers for sale the Rx Jump Ropes. Plaintiff also provides clinics under the trade name "Jumpropeology" for new consumers of Rx Jump Ropes. Thousands of athletes, both professionals and amateurs, use the Rx Jump Rope as a regular part of their workout and training regime.

14. At present, Plaintiff not only sells the Rx Jump Rope but also sells other exercise, gym, and cross-fit training equipment, including but not limited to exercise rings, medicine ball covers, skull mats, shin guards, bar grips, kettlebell grips, wrist supports, and accessories ("Plaintiff's Exercise Products"). Plaintiff has offered Plaintiff's Exercise Products for over five and a half years, and targets individual consumers and groups of consumers, including sports trainers and professional athletes nationwide.

15. Plaintiff has a diverse customer base, including but not limited to the

general public, fitness trainers, and amateur and professional athletes. Plaintiff enjoys considerable recognition by professionals and consumers in the CrossFit industry as the source of the Rx Jump Ropes.

16. Plaintiff's sales are retail sales which are promoted mostly, although not exclusively, through catalogs; websites, including Plaintiff's website www.rxsmargear.com; social media sites; and various trade shows and competitions throughout the United States and within this judicial district.

17. Plaintiff made improvements to the Rx Jump Rope in 2012, and has been selling the Rx Jump Rope in commerce since that time, see Exhibit 1.

18. In light of Plaintiff's valid and continuous use of the Rx Jump Rope trade dress since 2009 and the Plaintiff's notoriety as the source of the Rx Jump Rope in the CrossFit industry, Plaintiff's trade dress has acquired secondary meaning among the consuming public. The Rx Jump Rope trade dress is symbolic of extensive goodwill and consumer recognition, built up by and through Plaintiff's substantial time, effort and resources dedicated to advertising, marketing, promotional activities and sales. The Rx Jump Rope trade dress and the goodwill associated therewith are valuable assets belonging to Plaintiff.

19. Plaintiff is the first company to sell an exercise jump rope that utilizes PVC coated aircraft grade cable at 5/32" diameter in which the ends of the cable are stripped, looped through a split ring, then crimped to itself, while the split ring is connected to a clevis pin, and inserted through a flat samba bearing. Plaintiff was also the first to wrap tennis-style tape grip around each formed handle from end-to-end, with bands at the closest end to the cable creating a stylish grip.

20. In the mind of the consuming public, Plaintiff is the source or origin of the Products bearing the Rx Jump Rope trade dress.

21. Plaintiff is informed and believes and on that basis alleges Defendant has misappropriated Plaintiff's Rx Jump Rope trade dress for use on Defendant's jump rope products, which are the same as Plaintiff's Rx Jump Rope Products, and

4
COMPLAINT
DOCS 120034-000005/2112422.3

Defendant's website, without permission or consent from Plaintiff.

22. Defendant is using in commerce a jump rope trade dress identical to Plaintiff's Rx Jump Rope trade dress.

23. Plaintiff is informed and believes that Defendant copied the trade dress of Plaintiff's Rx Jump rope with the intent to confuse consumers by palming off Defendant's jump rope as if it was Plaintiff's Rx Jump Rope, and to benefit from Plaintiff's sterling reputation and goodwill in the CrossFit industry.

24. Upon information and belief, Defendant advertises, markets and sells its jump rope products on at least the following website: www.gofit.net. Photos of Defendant's jump ropes are attached as Exhibit 2.

25. Defendant's jump rope products, using Plaintiff's misappropriated Rx Jump Rope trade dress, are sold in close proximity to Plaintiff's Products on the worldwide internet and at trade shows.  This causes confusion to the consuming public as to the source, origin and affiliation of Defendant's products.  Plaintiff has had several customers mistake the knock-off GoFit jump rope for a Rx Jump Rope. In many cases the knock-off ropes have fallen apart and customers have reached out to Plaintiff asking Plaintiff to remedy the faulty product, believing that Plaintiff was the source of the knock-off GoFit jump rope.

26. On January 31, 2014, Plaintiff sent a cease and desist letter to Defendant requesting Defendant to immediately cease and desist sale of their infringing jump rope.  This letter was based on Plaintiff's first use, sale, invention and ownership of its jump rope design, and was also based on Plaintiff's pending patent application for the interior handle mechanism of the Rx Jump Rope.

27. Plaintiff informed Defendant that Defendant's unlicensed and unpermitted use of Plaintiff's patent-pending jump rope technology and Plaintiff's Rx Jump Rope trade dress is likely to cause, and indeed has caused, confusion among consumers in the marketplace as to the source, origin, sponsorship or approval of Defendant's products and to unfairly compete with Plaintiff.  Plaintiff

also advised Defendant that its acts cause Plaintiff irreparable harm for which Defendant is subject to serious legal consequences. Plaintiff's January 31, 2014 letter is attached as Exhibit 3.

28. On February 5, 2014 Defendant responded to Plaintiff's January 31st letter, and requested that Plaintiff provide Defendant with the patent application for the Rx Jump Rope.

29. April 11, 2014, Plaintiff provided U.S. Patent Application No. 14067657, the patent application for the Rx Jump Rope, to Defendant's counsel. Plaintiff reiterated the request that Defendant cease to manufacture, advertise, distribute and/or sell Defendant's jump rope.

30. On May 1, 2014, Defendant informed Plaintiff's counsel that: (a) Defendant stopped selling the jump rope Plaintiff alleges is being sold unfairly in commerce by Defendant; (b) Defendant started selling a second version of its jump rope that would be "even further removed from the design of [Plaintiff's] jump rope"; and (c) Defendant had been selling its original jump rope prior to Plaintiff's date of first sale of its Rx Jump Rope, which Plaintiff disputes.

31. Plaintiff is informed and believes, and on that basis alleges, that Defendant sells and markets to the same customer base that Plaintiff targets. On December 22, 2014 Plaintiff purchased jump ropes sold by Defendant from Big 5 Sporting Goods in San Diego, California.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant was aware of Plaintiff's Rx Jump Rope trade dress prior to their misappropriation of the same and Defendant intentionally copied Plaintiff's trade dress to trade on Plaintiff's goodwill and favorable reputation among the consuming public and, in particular, within the cross-fit and professional athlete communities nationwide.

## FIRST CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Pursuant to 15 U.S.C. §1125(a))**

33. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendant has created a false designation of origin by its multiple unauthorized acts, namely, using in commerce, without Plaintiff's permission or consent, the Rx Jump Rope trade dress in connection with the manufacture, offer for sale, sale, distribution, advertisement, promotion and/or marketing of Defendant's products.

35. Defendant committed such acts with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake amongst customers and the public, and deceiving the public into believing Defendant's products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

36. Defendant has further committed such acts with the intent to cause confusion and mistake amongst customers and the public, deceiving the public into believing that Defendant's use of the Rx Jump Rope trade dress is associated with, sponsored by, approved by and/or condoned by Plaintiff. These acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

37. Plaintiff is informed and believes, and on that basis alleges, that Defendant has actual knowledge of Plaintiff's ownership and prior use of its Rx Jump Rope trade dress, and without the permission or consent of Plaintiff, Defendant has willfully violated 15 U.S.C. § 1125(a).

38. Defendant's actions have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

39. By its actions, Defendant has irreparably harmed and injured Plaintiff. Such irreparable injury will continue unless this Court preliminarily and permanently enjoins Defendant from further violation of Plaintiff's rights, for

which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Pursuant to California Business & Professions Code §17200, *et seq*.)

40. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The acts of Defendant described herein constitute unlawful, unfair and fraudulent business acts and practices, in violation of California Business & Professions Code § 17200, *et seq*. Defendant's unauthorized use of Plaintiff's Rx Jump Rope trade dress, as set forth above, has caused and will continue to cause confusion, mistake and deception among consumers, in that customers are likely to believe that Defendant's goods and services are associated with, connected to, affiliated with, authorized by, and endorsed and/or sponsored by Plaintiff.

42. As a result of these acts, Defendant has received and will continue to receive sales and profits generated from the strength of Plaintiff's success, goodwill and consumer recognition.

43. Plaintiff has suffered and will continue to suffer damage as a direct result of Defendant's conduct as described herein, and such damage will continue unless the Court enjoins Defendant's use of the Plaintiff's Rx Jump Rope trade dress and forces Defendant to cease its copying practices.

44. As a proximate and legal result of Defendant's unlawful conduct, Plaintiff has been damaged in its business relationships with its current and prospective customers and has suffered damages in the form of lost profits, loss of promotion and loss of goodwill.

45. Defendant should be required to restore Plaintiff with any and all profits earned as a result of its unlawful and unfair actions. Defendant should be held accountable for all profits wrongfully obtained and to provide Plaintiff appropriate restitution.

## THIRD CLAIM FOR RELIEF

**(Negligent Interference With Prospective Economic Relations)**

46. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. This is an action for negligent interference with prospective economic relations.

48. Plaintiff is informed and believes, and on that basis alleges, that Defendant has sold, offered for sale, manufactured and/or distributed products, and advertised, marketed and promoted products that unfairly compete with Plaintiff's Products bearing the Rx Jump Rope trade dress, without the permission or consent of Plaintiff.

49. Defendant's unlawful conduct has deceived, or is likely to deceive, purchasers into believing that Defendant's products are affiliated with, associated with, condoned and/or sold by Plaintiff, that Plaintiff is the source of origin of Defendant's products. Defendant has negligently represented that its products are affiliated with Plaintiff, thereby wrongfully and unfairly disrupting Plaintiff's business and diverting customers from Plaintiff to Defendant.

50. Defendant's aforementioned actions constitute unfair business practices in violation of California Business & Professions Code 17200, *et seq*.

51. Defendant's aforementioned actions constitute unlawful, unfair, malicious and/or fraudulent practices. As a result of Defendant's actions of negligent interference with prospective economic relations, Plaintiff has been injured and lost money in an amount to be determined at trial.

52. By its actions, Defendant has irreparably harmed and injured Plaintiff. Such irreparable injury will continue unless this Court preliminarily and permanently enjoins Defendant from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

**As to the First and Second Claims for Relief:**

    a.    That Defendant be adjudged to have competed unfairly with Plaintiff and used a false designation of origin, false or misleading description of fact and/or false or misleading representation of fact in violation of federal and California state law;

    b.    That Defendant be adjudged to have deliberately, intentionally and willfully competed unfairly with Plaintiff and to have used a false designation of origin, false or misleading description of fact and/or false or misleading representation of fact in violation of federal and California state law;

    c.    That Defendant and its officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from engaging in acts of unfair competition with Plaintiff relating to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendant's products;

    d.    That Defendant and its officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from engaging in acts of false designation related to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, purchase and/or distribution of Defendant's products;

**As to the Third Claim for Relief:**

    e.    That Defendant be adjudged to have intentionally and/or negligently interfered with Plaintiff's prospective economic relations;

    f.    That Defendant and its officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority,

DOCS 120034-000005/2112422.3

be permanently enjoined and restrained from or engaging in acts of intentional interference of prospective economic relations related to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendant's products;

g. That Defendant and its officers, agents, employees and all persons acting or claiming to act on their behalf under their direction or authority, be permanently enjoined and restrained from or engaging in acts of negligent interference of prospective economic relations related to the sale of products that display Plaintiff's Rx Jump Rope trade dress in any manner in the sale, promotion, advertising, manufacture, purchase and/or distribution of Defendant's products;

h. That Defendant be ordered to pay damages for intentional and negligent interference with prospective economic relations, in an amount to be proven at trial;

**As to all Claims for Relief:**

i. For an award of costs and reasonable attorneys' fees; and

j. For all other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

DATED:  January 5, 2015            PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By: s/Lisel M. Ferguson
Lisel M. Ferguson
Heather A. Cameron
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff*,
Rx Smart Gear